IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARASU TEXPORTS,<br><br>                         Plaintiff,<br><br>   -against-<br><br><br>SPORTLIFE BRANDS, LLC and MICHAEL KASSIN,<br><br>                        Defendants. | Case No. 24-cv-8789<br><br>**COMPLAINT** |

Plaintiff, ARASU TEXPORTS (hereinafter "Plaintiff" or "Arasu"), by and through its attorneys, Jia Law Group, P.C., alleges for its complaint against Defendants SPORTLIFE BRANDS, LLC ("SLB") and MICHAEL KASSIN (hereinafter "Kassin"; together with SLB as "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff, an India based apparel manufacturer and distributor, brings this action against Defendants, a New York based apparel import and retail business and its president, to recover damages for breach of the Parties' Court-supervised Settlement Agreement in the amount of $294,444.48 (two hundred ninety-four thousand four hundred forty-four dollars and forty-eight cents) plus prejudgment interest, attorney's fees, and costs in enforcing the Settlement Agreement, per the express terms of the Settlement Agreement.

### PARTIES

1

2. Plaintiff is a corporation formed under the laws of the Republic of India with its principal place of business at S.F.NO:3/544, A1 T.K.T Mill Road Veerapandi Post Tirupur, Tamil Nadu, 641605 India.

3. Upon information and belief, Defendant SLB is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 42 W 39th St. Fl. 13, New York, NY 10018-2083.

4. Upon information and belief, Defendant Kassin is the President of SLB and a resident and domiciliary of the State of New York, County of New York.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between the Parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 (seventy-five thousand dollars).

6. Plaintiff is incorporated under the laws of the Republic of India.

7. Defendant SLB was incorporated under the laws of the State of New York and has its principal place of business in the State of New York.

8. Defendant Kassin is a resident and domiciliary of the State of New York.

9. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, as SLB's principal place of business is located in the State of New York within the Southern District.

## FACTUAL ALLEGATIONS

10. On August 13, 2023, Arasu filed a civil action against SLB and Kassin captioned ARASU TEXPORTS v. SPORTLIFE BRANDS, LLC and MICHAEL KASSIN, Case No. 23-cv-

7150 (JSR) in the United State District Court for the Southern District of New York (the "Original Action") for: (1) breach of contract against SLB; (2) UCC § 2-709 action for price against SLB; (3) account stated against SLB; (4) unjust enrichment against SLB; (5) fraudulent inducement against SLB and Kassin; and (6) conversion against SLB and Kassin.

11. Pursuant to the court's order in the Original Action dated November 15, 2023, Plaintiff and Defendants, together with the Parties' respective counsel, participated in a settlement conference conducted by Magistrate Judge Barbara Moses of the Southern District of New York, on December 19, 2024 (the "Settlement Conference").

12. Defendant Kassin appeared on behalf of himself individually and as the president of Defendant SLB at the Settlement Conference.

13. Defendants were represented by Jeffrey Dweck, Esq., of the Law Firm of Jeffrey Dweck, P.C. at the Settlement Conference.

14. With the patient and effective facilitation of Judge Moses, and after numerous rounds of lengthy arms-length negotiation that lasted well after 8 p.m., the Parties reached an agreement containing all material terms of the Parties' settlement (the "Settlement Agreement"). Judge Moses memorialized all of the material terms of the Parties' Settlement Agreement on the record in open court.

15. Attached hereto as Exhibit A is a true and correct copy of the certified transcript of the December 19, 2023, proceeding before Judge Barbara Moses. ("12/19/23 Tr.").

16. Pursuant to the terms of the Settlement Agreement, Defendants agreed to pay Plaintiff "the total amount of $250,000, payable in 18 equal monthly installments of $13,888.88 each beginning on and due on the 1st of January 2024 and each consecutive month thereafter" Ex. A, 12/19/23 Tr. 4:12-20.

3

17. In the event Defendants failed to make timely payment as required, the Parties agreed to a "21[calendar]-day notice and grace period." *Id.* 4:24-5:7.

18. And in the event Defendants failed to make payment within the grace period, judgment could be entered against Defendants "in the total amount of $350,000 less any amounts paid to date plus attorney's fees and costs in enforcing the settlement agreement." *Id.*

19. Defendants expressly affirmed that the Settlement Agreement memorialized on the record "constituted all of the material terms of the agreement":

> "THE COURT: So it's 21 calendar days not 21 business days. I will also note that, Mr. Dweck, that you began your recitation by stating that the parties have agreed in principle, but if I understand it correctly, the terms you just recited constituted all of the material terms of the agreement. Is that right?
>
> MR. DWECK: That's right, and we completely agree with the Court."

*Id.* 6:2-9.

20. Defendants further agreed and acknowledged in open court and on the record that "even though [Defendants] haven't signed settlement paperwork yet, [Defendants] are entering into a binding and enforceable contract of settlement" on December 19, 2023. *Id.* 7:12-8:8[1].

---

[1] "THE COURT: Thank you very much. Let me now turn to Mr. Kassin. Mr. Kassin, you are individually a defendant and you are also the president of defendant Sportlife Brands, is that right?

MR. KASSIN: That is correct.

THE COURT: And as such are you authorized to settle this case on behalf of Sportlife?

MR. KASSIN: I am.

THE COURT: Did you hear and understand the material terms of the agreement placed on the record by counsel?

MR. KASSIN: I do.

THE COURT: And do you agree on behalf of both yourself and Sportlife Brands to settle this case on those terms?

MR. KASSIN: I do.

4

21. Further and as stated above, the Parties expressly provided for attorney's fees and costs to be awarded to Plaintiff for having to enforce the terms of the Settlement Agreement in the event of Defendants' default. *Id*. 5:3-7.

22. Defendants partially performed under the terms of the Settlement Agreement in sending four (4) settlement installments of $13,888.88 on or about January 3, 2024, January 30, 2024, February 29, 2024, and March 29, 2024.

23. Defendants failed to make the installment payment due for May, 2024, and have since failed to make any further payment as required by the Parties' Settlement Agreement.

24. On May 4, 2024, Plaintiff issued Defendants a notice to cure default per the terms of the Settlement Agreement stating, "[w]e have not received SLB's installment of settlement payment that was due on May 1, 2024. As such, SLB is in default of the terms of the parties' settlement. Please consider this correspondence our notice to SLB to cure the default." A true and correct copy of Arasu's May 4, 2024, notice to cure is attached hereto as Exhibit B.

25. Defendants did not respond to Arasu's May 4, 2024, notice to cure and has not provided any explanation for the default despite Plaintiff's multiple follow-up attempts to contact Defendants.

26. As such, per the terms of the Settlement Agreement quoted above and as memorialized in Exhibit A, Defendants are liable to Arasu for the total amount of $350,000 less any amounts paid to date (total paid to date of $55,555.52; remaining balance of $294,444.48) plus attorney's fees and costs in enforcing the Settlement Agreement per the express terms of the Settlement Agreement.

---

THE COURT: And do you understand that even though you haven't signed settlement paperwork yet, you are entering into a binding and enforceable contract of settlement this evening?

MR. KASSIN: I do."

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

27. Arasu repeats and re-alleges the preceding paragraphs as if fully set forth herein.

28. On December 19, 2023, the Parties reached a Settlement Agreement containing all material terms of the Parties' settlement.

29. Judge Moses memorialized all of the material terms of the Parties' valid and binding Settlement Agreement on the record in open court. Ex. A.

30. The Parties agreed in open court that the Settlement Agreement on the record constituted all of the material terms of the Parties' agreement. The Parties also agreed on the record in open court that they were entering into a binding and enforceable contract of settlement.

31. In consideration for Defendants' agreement to pay Plaintiff under the terms described above, Plaintiff agreed to a dismissal of all claims with prejudice, with said dismissal being ordered by the court on December 20, 2023 (Case No. 23-cv-7150, ECF. Dkt. 25).

32. Defendants partially performed under the terms of the Settlement Agreement in sending four (4) settlement installments of $13,888.88 on or about January 3, 2024, January 30, 2024, February 29, 2024, and March 29, 2024.

33. Defendants subsequently failed to perform under the terms of the Settlement Agreement and failed to make the May, 2024, installment payment and have since failed to make any further payment as required by the Parties' Settlement Agreement.

34. On May 4, 2024, Plaintiff issued Defendants a notice to cure default per the terms of the Settlement Agreement (Ex. B) to which Defendants did not reply. To date, Defendants have not responded nor provided any explanation for the default despite Plaintiff's multiple follow-up attempts.

35. As such, Defendants have breached and defaulted on the terms of the binding and enforceable Settlement Agreement memorialized in open court and on the record before Judge Moses as set forth in Exhibit A.

36. Arasu has sustained damages as a result of the Defendants' default and breach.

37. As a result of the default and breach, Defendants are liable to Plaintiff for the principal amount of $294,444.48 (two hundred ninety-four thousand four hundred forty-four dollars and forty-eight cents) plus prejudgment interest, attorney's fees, and costs in enforcing the Settlement Agreement per the express terms of the Settlement Agreement.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the principal amount of $294,444.48 (two hundred ninety-four thousand four hundred forty-four dollars and forty-eight cents) plus prejudgment interest, fees and costs in enforcing the Settlement Agreement per the express terms of the Settlement Agreement, and any additional or further relief as the Court deems just and proper.

Dated: November 19, 2024　　　　　　　　　　　　JIA LAW GROUP, P.C.
　　　　New York, New York　　　　　　　　　　　　*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　　Thomas Hsien Chih Kung, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　88 Pine Street, 18th Floor
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　　　　　　　　(347) 897-6199
　　　　　　　　　　　　　　　　　　　　　　　　thomas.kung@jiaesq.com