```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ARASU TEXPORTS,<br><br>　　　　Plaintiff,<br><br>　-against-<br><br>SPORTLIFE BRANDS, LLC et ano,<br><br>　　　　Defendants. | 24-cv-8789 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

    This case concerns a settlement reached in an earlier case before this Court. Plaintiff Arasu Texports ("Arasu") filed the present action alleging that defendants Sportlife Brands, LLC ("Sportlife") and Michael Kassin ("Kassin") breached that agreement. Kassin has since moved to dismiss, arguing that the settlement agreement did not impose any obligations on him. Arasu now asks the Court to convert Kassin's motion to dismiss into a motion for summary judgment and to grant summary judgment in its favor. After full briefing, the Court held oral argument on March 10, 2025. Having now considered the matter fully, the Court, for the reasons stated below, denies Arasu's request, but grants Kassin's motion to dismiss.

    I.    Background

    In August 2023, Arasu, an India-based apparel manufacturer and distributor, filed suit against Sportlife, a New York-based apparel import and retail business, and its president, Kassin. See Arasu Texports v. Sportlife Brands, LLC, No. 23-cv-7150 (JSR). In its complaint, Arasu alleged that defendants owed an unpaid balance of

1

$456,170 for garments sold and delivered to Sportlife. Two months later, this Court referred the case to Magistrate Judge Moses for settlement negotiations.

On December 19, 2023, the parties participated in a settlement conference, which Kassin attended both in his personal capacity and on behalf of Sportlife. After extensive discussions, which concluded after 8 PM, the parties informed Judge Moses that they had reached a binding agreement. Although the parties had not committed the terms of their agreement to writing, they indicated that they were prepared to "memorialize the material terms of a settlement that [they] agreed to after lengthy and arduous negotiations" on the record.[1] Arasu Texports v. Sportlife Brands, LLC, No. 24-cv-8789 (JSR), ECF No. 1, Exhibit No. 1 ("Transcript"), at 3:25-4:3.

Judge Moses began by asking counsel for defendants to "plac[e] those terms on the record." Id. at 4:9. Counsel for defendants then stated:

> The parties have agreed in principle to a settlement of a settlement payment by the defendant Sportlife Brands LLC to the plaintiff in the total amount of $250,000, payable in 18 equal monthly installments of $13,888.88 each beginning on and due on the 1st of January 2024 and each consecutive month thereafter. In other words, starting January 1, 2024 and continuing on the 1st of each consecutive month for another 17 months thereafter.
>
> This settlement amount would be secured by a confession of judgment signed by the LLC defendant. . . . The settlement agreement would provide for a 21-day notice and grace period in

---

[1] Unless otherwise indicated all quotations exclude internal alterations, brackets, citations, ellipses, quotations, and quotation marks.

> the event that payment is not made by the 1st of the month, which notice may be by email.
>
> . . .
>
> The terms also include a mutual general release and a <u>dismissal of all claims and counterclaims with prejudice</u>. The terms finally would include a confidentially clause and a filing of a dismissal with prejudice within one week of final execution of the formal settlement agreement and the confession of judgment document.

<u>Id.</u> at 4:12-5:14 (emphasis added).

After counsel for defendants stated the terms of the settlement agreement on the record, Judge Moses asked whether "the dismissal with prejudice [would] be of all claims and counterclaims." <u>Id.</u> Counsel for defendants answered, "[t]hat's correct." <u>Id.</u> Judge Moses then gave counsel for Arasu an opportunity to "add or clarify" anything that counsel for defendants had missed. <u>Id.</u> at 5:20. Counsel for Arasu stated "[j]ust that the 21-day grace period or cure period should be 21 calendar days," but did not have anything else to "add or clarify." <u>Id.</u> at 5:21-23. Judge Moses then confirmed that the "terms [counsel for defendants] just recited constituted all of the material terms of the agreement." <u>Id.</u> at 6:6-7. At the end of the hearing, both parties further confirmed that they understood that "even though the lawyers [had] not yet typed up all of the necessary settlement documents, [they were] entering into a binding contract of settlement [that] evening." <u>Id.</u> at 7:7-10; <u>see also</u> <u>id.</u> at 8:4-7 ("[D]o you understand that even though you haven't signed settlement paperwork yet, you are entering into a binding an enforceable contract of settlement this evening?" "I do.").

The following day, this Court entered an order concerning the settlement agreement. That order stated that "on the record before Magistrate Judge Barbara C. Moses[,] the parties reached a settlement in principle to resolve [their] dispute." Arasu Texports v. Sportlife Brands, LLC, No. 23-cv-7150 (JSR), ECF No. 25 ("Order"), at 1. The order then dismissed the case with prejudice. See id.

In November 2024, Arasu filed suit against Sportlife and Kassin again, this time alleging that they breached the settlement agreement by failing to make required payments and seeking $294,444, plus prejudgment interest, attorneys' fees, and the costs of enforcing the agreement. Kassin has moved to dismiss, arguing that the agreement did not obligate him to make any such payments.

II. Discussion

At the outset, Arasu asks the Court to convert the motion to dismiss into a motion for summary judgment and grant summary judgment in its favor. Such a conversion is necessary, Arasu argues, because Kassin "submitted a declaration attempting to relitigate the merits" of the original action. See Arasu Texports v. Sportlife Brands, LLC, No. 24-cv-8789 (JSR), ECF No. 14, Memorandum in Opposition, at 6. Arasu is correct that Kassin filed a declaration from his attorney in connection with his motion to dismiss. See Arasu Texports v. Sportlife Brands, LLC, No. 24-cv-8789 (JSR), ECF No. 11, Affirmation of Jeffrey Dweck. However, Kassin's decision to submit that declaration does not compel this Court to convert his motion to dismiss into a motion for summary judgment. As Arasu itself acknowledges in its memorandum in

4

opposition, "[w]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). Accordingly, the Court will disregard the declaration of Kassin's attorney and deny Arasu's request to convert.

Having denied Arasu's request to convert, the Court proceeds to consider Kassin's motion to dismiss, assessing only the complaint and the documents attached to it. To survive a motion to dismiss for failure to state a claim, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must offer more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual development." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). However, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

Arasu has not stated a claim for breach of contract as to Kassin. The settlement agreement, which was memorialized on the record before Judge Moses and attached to Arasu's complaint, did not obligate Kassin to make any payments to Arasu. Instead, the agreement specified that

5

the parties had "agreed in principle to a settlement of a settlement payment by the defendant Sportlife Brands LLC to the plaintiff" and that "the LLC defendant" would sign a "confession of judgment." Transcript at 4:12-14, 4:21-22. Moreover, the agreement included "a mutual general release and a dismissal of all claims and counterclaims with prejudice," including the claims against Kassin. Id. at 5:8-10.

Arasu nevertheless argues that Kassin was jointly and severally liable for the settlement payments because the settlement agreement does not contain a "clear and unambiguous provision" to the contrary. Opposition at 1. In support of that argument, he cites to various cases from the New York courts and the Southern District of New York, which establish that when two or more entities take on an obligation, they are jointly and severally liable for that obligation unless their agreement contains an express severance provision. See, e.g., Lemus v. Manhattan Car Wash, Inc., No. 6-cv-15486, 2010 WL 1372705 (S.D.N.Y. March 26, 2010); Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp., 22 A.D. 3d 308, 310-11 (1st Dep't 2005). However, as discussed above, Sportlife and Kassin did not jointly assume an obligation to make payments to Arasu, so those cases are not applicable here.

Arasu separately argues that Kassin is liable for the payments because the New York courts have "consistently held that if a contract does not provide that a delineated remedy is the 'sole remedy' against a particular breaching party, that breaching party may be held liable for the usual damages recoverable on a breach of contract claim, regardless of whether a specific remedy is provided for in the contract

6

itself." Opposition at 10 (quoting <u>GEM Holdco LLC v. RDK Techs. Corp.</u>, No. 653694/2015, 2017 WL 1281811, at *10 (N.Y. Sup. Ct. Apr. 6, 2017)). However, the question raised by Kassin's motion to dismiss is not the nature of the remedy to which Arasu may be entitled. Rather, the question is whether the settlement agreement obligated Kassin to make settlement payments. Because the agreement did not create such an obligation and dismissed all claims against Kassin with prejudice, the answer to that question is plainly "no."

III. Conclusion

For the reasons stated above, Arasu's request to convert Kassin's motion to dismiss into a motion for summary judgment is denied, Kassin's motion to dismiss is granted, and the case shall proceed as between Arasu and Sportlife only.

SO ORDERED.

New York, NY

3/14, 2025

_____
JED S. RAKOFF, U.S.D.J.